THOMAS, Justice.
The petitioner is seeking a review of an order relating to temporary alimony, suit money and attorney’s fees.
Before examining the order we will give briefly the background of the. controversy. The petitioner sought a decree-o.f divorce 'from bed and board in Pennsylvania and later the respondent sued for- absolute divorce in that state. Then the respondent instituted suit for divorce in Florida ■ and the petitioner asked that the. suit here be ■stayed’because of. the one started by-the respondent in- the foreign state, ■ but the chancellor denied her ■ request and this Court'approved his order. .
. So the petitioner found herself a litigant in the chancery court in Florida over her protest. Having exhausted her remedy to stay the proceedings here so that her' dispute with her husband could be settled in Pennsylvania she filed her answer in the Florida court and prayed for (1) temporary alimony, (2) suit money, and (3) attorney’s fees. ■
At the outset we can quickly disr pose of the aspect of alimony because an allowance for such had been made by the court in Pennsylvania,' therefore, we find no reason to disturb the chancellor’s ruling that she should not be entitled to alimony here too. Nor do we find occasion to interfere with the award of attorney’s fees for regardless of any fees that may have been allowed in Pennsylvania she was entitled to have counsel in Florida.
But w.e cannot reconcile the remainder of the order, concerning suit money, either with' the justice of the cause or the allowance for fees.
The Court was of the opinion- “that the defendant [petitioner] may not seek an allowance for -alimony • pendente lite, suit money and counsel fees in this proceeding while simultaneously pressing for the same relief in" the courts in Pennsylvania [and that] she is entitled to no relief here other than a nominal allowance for attorney’s fees.” Therefore-the chancellor denied the motion except that the plaintiff pay to defendant’s attorneys the “nominal” fee of $500.
Obviously there is no need for. double alimony, but if there-ris need for fees in Florida it .would seem that there is a need also for suit money.
We -think' the request for suit mo'ney should.have been judged precisely as the .request for fees was judged. It is true that the matter required the exercis^ of discretion by the chancellor but onde the discretion was exercised in.favor .of the petitioner relative to fees for her attorney, the chancellor fixed the criterion for the award of suit-money.' Both, in our opinion, were in the same category.- That part of the above order denying' suit money is reversed with directions to set the amount reasonably required by the petitioner to present her defense.
ROBERTS, C J., and HOBSON and DREW, JJ., concur.-